IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN B. LOWE, # R7828                                                                                  PETITIONER

VS.                                                                      CIVIL ACTION NO. 2:21-CV-9-KS-LGI

ANDREW MILLS                                                                                         RESPONDENT

**ORDER ADOPTING REPORT AND RECOMMENDATIONS**

On October 31, 2023, United States Magistrate Judge Lakeysha Greer Isaac entered her Report and Recommendations ("R&R") [35] recommending that, after a review of the entire record and all the applicable law, John B. Lowe's petition be dismissed with prejudice. Petitioner filed a Motion for Extension of Time to file Response [36], which the Court hereby grants. Accordingly, Petitioner's Objection [37] is deemed timely filed. After due consideration of the R&R, the record, the parties' filings, and relevant legal authority, the Court concludes that Petitioner's Objection [37] and Rebuttal [39] should be overruled and that the R&R should be adopted as the opinion of the Court.

I.   BACKGROUND

  A.   State Court Proceedings

In this action, Lowe challenges his 2015 convictions by a jury in the Circuit Court of Jones County on five counts of exploitation of a child, in violation of Miss. Code Ann. § 97-5-33(3).[1]  *See Lowe*, 269 So. 3d at 244.[2]  Lowe, who had previously been convicted of exploitation

---

[1] During its investigation into reports that Lowe had allegedly inappropriately touched several children, the Jones County Sheriff's Department discovered that Lowe's laptop computer contained five videos depicting child pornography. Based on the videos, Lowe was charged with five counts of exploitation of a child. *Lowe v. State*, 269 So. 3d 244, 248-249 (Miss. Ct. App. 2018).

[2] Lowe was initially tried in 2011, and a jury found him guilty on all five counts. *Lowe*, 269 So. 3d at 250. The Mississippi Court of Appeals affirmed his convictions, but the Mississippi Supreme Court granted his petition for

of a child and voyeurism, was sentenced by the trial court as a habitual offender to five consecutive terms of life imprisonment in the Mississippi Department of Corrections. *Id.* at 247; *see also* Miss. Code Ann. § 99-19-81 (Rev. 2015)(habitual offender statute). The Mississippi Court of Appeals affirmed his convictions and subsequently denied rehearing. *Id.* at 244. The Mississippi Supreme Court denied his petition for writ of *certiorari*, *see Lowe v. State*, 258 So. 3d 285 (Miss. 2018), and, thereafter, the United States Supreme Court denied review. *Lowe v. Mississippi*, 139 S. Ct. 1639 (2019). Lowe's subsequent motions for post-conviction relief were denied by the Mississippi Supreme Court. *See* [20-4], [20-6].

    B.    <u>Federal Proceedings</u>

Lowe filed the present Petition [1], supported by a 30-page memorandum with 60 pages of exhibits, *see* [2], on November 11, 2020. In his Petition [1], he set forth the following grounds for relief: (1) whether the jury was properly instructed on circumstantial evidence; (2) whether he suffered ineffective assistance of trial counsel; (3) whether the evidence was insufficient to support convictions and the verdict was unsupported by the weight of the evidence; (4) whether the court erred in allowing introduction of Lowe's prior conviction for exploitation of child into evidence; (5) whether the court constructively amended Lowe's indictment when it omitted the words "from the internet;" (6) whether the court violated Lowe's right to be heard; (7) whether the court violated Lowe's due process for convicting him of a crime for which he was not indicted; (8) whether the trial court and the Mississippi Court of Appeals applied incorrect standards to his case; and (9) whether the trial court erred by allowing

---

writ of *certiorari* and reversed. *See Lowe v. State*, 178 So. 3d 760 (Miss. Ct. App. 2012), *rev'd*, 127 So. 3d 178 (Miss. 2013). The Mississippi Supreme Court remanded his case for a new trial, finding that the trial court rendered his trial fundamentally unfair when it refused his request for funding to hire an expert witness. *Lowe*, 127 So. 3d at 184. In the present action, Lowe challenges the convictions obtained in the second trial.

the jury to view the images without proof, foundation, venue, jurisdiction, "under 403 & 803 outside of jury." [1] at 5-18.

In the R&R, the Magistrate Judge found that Lowe's grounds seven and eight were procedurally defaulted under Miss. Code Ann. § 99-39-21(1)'s procedural bar because he raised the grounds for the first time in his petition for post-conviction relief. [30] at 8. Noting that § 99-39-21(1) is an "independent and adequate state law ground," the Magistrate Judge concluded that Lowe could not establish cause for default and actual prejudice, nor could he show that a "fundamental miscarriage of justice" would occur if his grounds seven and eight were not considered. *Id.* at 9 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Moving on to the grounds that were reviewed on the merits in state court, the Magistrate Judge applied the standard for review of federal habeas petitions as set forth in in 28 U.S.C. § 2254(d), as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall be not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1996).

As for ground one, relating to allegedly erroneous jury instructions, the Magistrate Judge concluded that Lowe did not meet his burden of showing that the instruction had a "'substantial and injurious effect or influence in determining the jury's verdict.'" [35] at 13 (quoting *Brecht v.*

3

*Abrahamson*, 507 U.S. 619, 637 (1993)).  The Magistrate Judge reiterated the direct evidence of the crimes, as explained by the Mississippi Court of Appeals, and pointed out that there is no federal constitutional right to a circumstantial evidence instruction.  [35] at 14-15.

Turning to ground two, the Magistrate Judge evaluated Petitioner's claims of ineffective assistance of counsel under the "doubly deferential" standard of *Harrington v. Richter*, 562 U.S. 86 (2011).  After examining the instructions at issue, the Magistrate Judge concluded that the Mississippi Supreme Court's application of *Strickland v. Washington*, 466 U.S. 668 (1984), was neither contrary to nor an unreasonable application of the standard.

In ground three, Petitioner challenged the weight and sufficiency of the evidence supporting his conviction.  The Magistrate Judge concluded that a weight-of-the-evidence claim is purely a matter of state law and not cognizable on habeas review.  *See* [35] at 22.  As for Lowe's sufficiency-of-the-evidence claim, the Magistrate Judge reviewed the claim pursuant to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  After reviewing the evidence supporting the conviction, the Magistrate Judge concluded that essential elements of the charging statute § 97-5-33(3) were present because, as the Mississippi Court of Appeals found, the evidence showed that "'child pornography was recovered from the laptop, that Lowe was in dominion or control over the laptop, and that Lowe possessed the child pornography, constructively, at the very least.'"  [35] at 24 (quoting *Lowe*, 269 So. 3d at 252).  Thus, the Magistrate Judge found that the state court's rejection of this claim was neither contrary to, nor an unreasonable application of, the *Jackson* standard, and, thus, could not provide a basis for habeas relief.

Moving on to ground four, the Magistrate Judge found that the admission of Lowe's prior conviction was an evidentiary ruling, which only presents a cognizable habeas claim if it runs

4

"'afoul of a specific constitutional right or render[s] the petitioner's trial fundamentally unfair.'" [35] at 25 (quoting *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999)). Observing that the jury heard evidence establishing Lowe's guilt independent of his prior conviction, the Magistrate Judge concluded that admission of Lowe's prior conviction did not violate his right to a fair trial.

Turning to ground five, Lowe argued that the trial court constructively amended his indictment by deleting the words "via the internet" from the jury instructions proffered by the defense. At trial, the judge *sua sponte* omitted this phrase from the jury instructions D-6 to D-10 because, in his view, the phrase was inconsistent with the statute. Lowe argued the omission of the phrase altered the instructions by eliminating an element of the crime that the State was required to prove. *See* [2] at 21-28, 35-38 (indictment). Citing *Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007), the Magistrate Judge observed that the "sufficiency of a state indictment is not a matter of federal habeas relief unless it is shown that the indictment was so defective that the convicting court did not have jurisdiction." [35] at 26. Because the Mississippi Supreme Court denied *certiorari*, it necessarily found that the indictment conferred jurisdiction, thus federal review was foreclosed. *Id.* at 27. Moreover, the Magistrate Judge found that the state courts' conclusion that the elimination of the phrase did not effectively modify a essential element of the offense was not contrary to, nor an unreasonable application of, clearly established federal law.

Moving to ground six, Lowe argued that the trial court violated his right to be heard because it denied all of his motions, whereas it granted motions filed by lawyers. After examining the rulings on Lowe's voluminous motions, the Magistrate Judge concluded that Lowe was provided a "full and fair opportunity" to litigate his claims in state court and that he

failed to show that the State's process was "routinely or systematically" applied to prevent litigation of his Fourth Amendment claims. *Id.* at 28-29. Accordingly, the Magistrate Judge found that Lowe could not obtain federal review on these claims.

In his final ground for relief, Lowe argued that the trial court erred in allowing the jury to view the pornographic videos from his computer. On appeal, the Mississippi Court of Appeals concluded that the videos were properly admitted in evidence, expressly finding that the probative value of the videos was not substantially outweighed by unfair prejudice. *Lowe*, 269 So. 3d at 259. The Magistrate Judge determined that Lowe failed to show that "admission of the videos implicated his due process concerns or rendered his trial fundamentally unfair," therefore he was not entitled to federal relief. [35] at 29.

Lowe has objected to the R&R, *see* [37], and the Respondent has filed a Response [38], to which Lowe has filed a Response/Rebuttal [39].

II.   STANDARD OF REVIEW

When a party objects to a Report and Recommendations, the Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a *de novo* review, *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." *Battle v. U.S.*

6

*Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS

Petitioner has filed 78 pages of objections, accompanied by 410 pages of exhibits, to which the State has responded. Petitioner's 29-page rebuttal includes 46 additional pages of exhibits. Having reviewed the filings, the Court finds that Petitioner's objections should be overruled.

Petitioner argues, for the first time in these proceedings, that the Magistrate Judge failed to address whether the trial court had jurisdiction to try him. Lowe failed to raise this claim separately in his direct and collateral appeals. No relief would now be available in state court because Lowe has filed both a direct appeal and a PCR motion. *See* Miss. Code Ann. § 99-39-23(6)(providing that a second or successive PCR motion is barred, with certain exceptions not applicable here). Thus, Lowe has procedurally defaulted review of this claim for purposes of *habeas corpus* relief. *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *see also Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001)("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal *habeas corpus* relief.")(citing *Sones*, 61 F.3d at 416).

A federal court may not review the merits of a procedurally-barred claim absent a showing either of cause for the default and actual prejudice or that failure to address the claim would result in a miscarriage of justice. *Sones*, 61 F.3d at 415. Because Lowe filed a *pro se* supplemental brief on direct appeal and proceeded *pro se* in his PCR, he cannot blame counsel

7

for the failure to raise this claim. He does not, furthermore, assert that an "external impediment" prevented him from making this argument. Accordingly, he has failed to meet the standard for establishing "cause" for his procedural default. Absent a showing of cause, it is unnecessary to address whether actual prejudice exists. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Likewise, the Magistrate Judge correctly concluded that Lowe has procedurally defaulted his grounds seven and eight because of a state procedural bar, therefore these grounds are foreclosed from federal review. *See Sones*, 61 F.3d at 416 ("When . . . state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims."); *see also* Miss. Code Ann. § 99-39-21(1). And he has failed to establish cause for his default and resulting actual prejudice. *See Coleman*, 501 U.S. at 750.

As for the remaining grounds one, two, three, four, five, six, and nine, the Court finds that the Magistrate Judge correctly cited applicable law and succinctly stated why these grounds fail to provide *habeas* relief. In his objection, Petitioner has simply re-urged the allegations of his petition, thus the State argues that Lowe is not entitled to *de novo* review. *See Edmond*, 8 F.3d at 293. Even so, in an abundance of caution, the Court examined Petitioner's grounds *de novo*. Reviewing the claims through the "doubly deferential" standard established by 28 U.S.C. § 2254(d) and *Harrington*, 562 U.S. at 86, the Court concludes that the Mississippi state court decisions were neither "contrary to," nor "involved an unreasonable application of, clearly established" federal law, nor were the decisions "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *See* 28 U.S.C. § 2254(d).

Accordingly, for the foregoing reasons, the Court finds that Petitioner's objections are without merit.

IV.    <u>CONCLUSION</u>

As required by 28 U.S.C. § 636(b)(1), this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised in the objections. For the reasons set forth above, this Court concludes that Lowe's Objection [37] and those arguments contained in his Rebuttal [39] lack merit and should be **overruled**. The Court further concludes that the proposed R&R is an accurate statement of the facts and correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the R&R.

Accordingly, it is ordered that United States Magistrate Judge Isaac's R&R is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Petitioner Lowe's claims are DISMISSED WITH PREJUDICE.

SO ORDERED AND ADJUDGED, this the 16th day of February, 2024.

                                    /s/ Keith Starrett
                                  SENIOR UNITED STATES DISTRICT JUDGE